| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| - versus - | 99-cr-207 (JG) |
| RENALDO GARCIA, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

        Renaldo Garcia moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 750 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). For the reasons explained below, the motion is denied.

## BACKGROUND

        Garcia is currently serving a sentence of 360 months, imposed on February 25, 2000. Garcia's Guidelines range at the time of sentencing was 360 months to life, which was based on a total offense level of 42 and a Criminal History Category of IV. Garcia's base offense level was 38 (the highest level provided for in the drug quantity table), based on the court's finding that Garcia was responsible for the sale of more than 1.5 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1 (2000). This base offense level was adjusted by (1) adding a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for his possession of a firearm during and in relation to the drug trafficking; (2) adding a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer and leader of the drug organization; and (3) subtracting a two-level reduction pursuant to § 3E1.1(a) for his acceptance of responsibility.

In 2007, the United States Sentencing Commission adopted Amendment 706 to the Guidelines Manual, which reduced the base offense levels applicable to most crack cocaine offenses. *See* U.S.S.G., App. C, Amend. 706 (eff. Nov. 1, 2007). In particular, Amendment 706 increased the triggering quantity of crack cocaine for the maximum base offense level of 38 from 1.5 kilograms to 4.5 kilograms. *Id.* A quantity between 1.5 kilograms and 4.5 kilograms yielded a base offense level of 36. *Id.*

In 2011, the Sentencing Commission adopted Amendment 750 to the Guidelines, which further reduced the base offense levels applicable to most crack cocaine offenses. *See* U.S.S.G., App. C, Amend. 750 (eff. Nov. 1, 2011) (amending, *inter alia*, the drug quantity table in U.S.S.G. § 2D1.1(c)); *see also id.* Amend. 759 (making Amendment 750 applicable retroactively). Now, a defendant must be responsible for the sale of at least 8.4 kilograms of crack cocaine to trigger a base offense level of 38. *See* U.S.S.G. § 2D1.1(c). A quantity between 2.8 and 8.4 kilograms produces a base offense level of 36, and a quantity between 840 grams and 2.8 kilograms leads to a base offense level of 34. *Id.*

## DISCUSSION

A.  *Governing Legal Standards*

18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment after it has been imposed except, *inter alia*, that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission's applicable policy statement appears in U.S.S.G. § 1B1.10(a), which provides that where "the guideline range applicable to [a defendant serving a term of imprisonment] has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . ,[1] the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." The same subsection is explicit, however, that "[a] reduction in the defendant's term of imprisonment is *not* consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2) if . . . [the Guidelines amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

Subsection (b) makes clear that in determining whether Amendment 750 has the effect of lowering Garcia's applicable guideline range, the court must "substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). In other words, a defendant is eligible to have his sentence modified only if the amended guideline produces a lower sentencing range than did the guideline under which he was sentenced, while holding constant all other computation decisions made at the time of sentencing. This restriction on my ability to modify a sentence is mandatory, as § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

---

[1] Not all amendments are covered by this policy statement. Subsection (c) enumerates the amendments to which this policy statement applies; Amendment 750 (in relevant part) is among them. *See* U.S.S.G. § 1B1.10(c).

B.   *Application to Garcia's Sentence*

Garcia is not eligible for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), because applying the amended guideline to him does not have the effect of lowering his applicable guideline range.  At the time of Garcia's sentencing, the court found that he was responsible for selling an amount of crack cocaine that exceeded 1.5 kilograms, leading to a base offense level of 38.  The court had no occasion at that time to consider the precise quantity above 1.5 kilograms that Garcia was responsible for having sold, because at the time, any amount greater than 1.5 kilograms yielded a base offense level of 38.

In 2008, the court *sua sponte* considered Garcia's eligibility for a sentence modification pursuant to Amendment 706.  The court appointed counsel to investigate and brief the issue and to appear for a hearing.  (*See* Order, ECF No. 108; Counseled Def.'s Mem., ECF No. 115.)  The motion was ultimately denied without an evidentiary hearing, because even if Garcia had prevailed in lowering his base offense level from 38 to 36, his amended range would have been unchanged.  (*See* 9/5/08 Trans. at 11, ECF No. 123.)  Thus, Garcia was ineligible for a sentence modification under the 2007 amendment to the Guidelines.

Garcia has now moved for a sentence modification pursuant to Amendment 750, which further reduced the base offense levels applicable to most crack cocaine offenses.  (ECF No. 135.)  If Garcia were responsible for selling less than 2.8 kilograms of crack cocaine, he would be eligible for such a modification, because his base offense level would drop from 38 to 34, producing a total offense level of 38, and an amended range of 324 to 405 months, which is lower than his original range of 360 months to life.

However, this court held a *Fatico* hearing in 2008 for Garcia's co-defendant, Jose Mercede, to determine the quantity of crack cocaine that Mercede was responsible for selling.

4

(*See* 9/19/08 Hearing Minutes, ECF No. 126.)  At the conclusion of that hearing, I concluded that "the quantity of crack cocaine involved in the offense far exceeded 4.5 kilograms." (9/23/08 Order.)  Accordingly, I ruled that Mercede was ineligible for a sentence modification under the 2007 amendment to the Guidelines.[2]  (*Id.*)

Although I did not specifically make a similar quantity finding for Garcia in 2008 (because such a finding could not have had an effect on his Guidelines range), the quantity finding that I made with respect to Mercede in 2008 is equally applicable to Garcia.  All of the evidence I relied on in making that finding related to the jointly undertaken activities of both Garcia and Mercede.  Indeed, Garcia's and Mercede's own statements – the primary evidence I relied on in making my finding – did not distinguish between their respective conduct.  Accordingly, the evidence establishes that Garcia was responsible for selling at least 4.5 kilograms of crack cocaine.  *Cf. United States v. Tracy*, 12 F.3d 1186, 1203 (2d Cir. 1993) (sentencing court is entitled to rely on any type of information known to it, even testimony from proceedings in which the person to be sentenced was neither the defendant nor present); *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989) (same).

Given this finding, Garcia is not eligible for a sentence modification under Amendment 750.  Even assuming for the sake of argument that Garcia was responsible for the lowest possible amount consistent with the court's prior finding – that is, 4.5 kilograms exactly – Garcia's amended guideline range would not be lower than his original guideline range.

---

[2] I have since determined that Mercede is eligible for a sentence modification pursuant to Amendment 750.  (*See* 3/16/12 Minute Entry.)  However, this ruling did not disturb my finding in 2008 that Mercede's offense involved a quantity of crack cocaine that "far exceeded" 4.5 kilograms.  Instead, I found that the government had not satisfactorily proven that the offense involved 8.4 kilograms or more of crack cocaine, and therefore found Mercede's base offense level under the amended guideline to be 36, which rendered him eligible for a sentence modification.  The reasons that Mercede is eligible for a sentence modification under Amendment 750 while Garcia is not are that (1) Mercede received only a two-level aggravating role adjustment at the time of sentencing, while Garcia received a four-level role adjustment; (2) Mercede qualified for a three-level downward adjustment for acceptance of responsibility, while Garcia qualified for only a two-level adjustment; and (3) Mercede's criminal history category was II, while Garcia's was IV.

Garcia's base offense level under the amended guideline would be 36. *See* U.S.S.G. § 2D1.1(c). Preserving all other Guidelines computation decisions requires me to add 4 levels to this base offense level (as I did when Garcia was originally sentenced), producing a total offense level of 40. A total offense level of 40 combined with a Criminal History Category of IV produces a Guidelines range of 360 months to life – the same range that applied when Garcia was originally sentenced.

## CONCLUSION

Because the applicable amended range is not lower than Garcia's original range, Garcia is not eligible for a sentence modification under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. His application for such a modification is therefore denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 10, 2012
         Brooklyn, New York